■ In the Matter of the Arbitration between Louis Nasello et al., Respondents and Motor Vehicle Accident Indemnification Corporation, Appellant.— Order unanimously reversed, without costs, and motion to stay arbitration permanently granted, as a matter of law. Memorandum: The accident occurred December 16, 1965 when the Cantor automobile and the Mamroe automobile collided. Petitioners were passengers in the Cantor vehicle. They negotiated for awhile with Cantor's insurance carrier, unsuccessfully; but did nothing to ascertain the insurance status of Mamroe until August 26, 1966 when they issued a summons only against him. That summons was not served until November 14, 1966. On November 29 petitioners received a copy of a

letter from Royal Globe Insurance Company to Mamroe denying that it had coverage on his automobile, and suggesting that the summons be given to the proper carrier. Without further effort to ascertain if there were a "proper insurance carrier", within 10 days petitioners, as insured persons, filed notice of intention to make claim against appellant MVAIC. Had petitioner used due diligence to ascertain whether Mamroe was insured, the letter from Royal Globe Insurance Co. denying coverage and petitioner's notice of intention to make claim, filed within 10 days of receipt of such letter (see Insurance Law, § 167, subd. 8) would have presented a question of fact as to insurance coverage, requiring trial (*Matter of McGuane* [MVAIC], 29 A D 2d 835). Petitioners' failure, however, to investigate Mamroe's insurance status for a period of 11 months, without the saving fact of being lulled into the belief that Mamroe was insured (see *Matter of Haas* [*MVAIC*], 29 A D 2d 447-a; *Matter of Egloff* v. *MVAIC*, 29 A D 2d 1048), require us to hold as a matter of law that notice of intention to make claim was not given herein as soon as practicable (*Matter of Kauffman* [*MVAIC*], 25 A D 2d 419; *Matter of MVAIC* [*Cosulich*], 23 A D 2d 546). (Appeal from order of Monroe Special Term denying motion to stay arbitration.) Present — Bastow, P. J., Williams, Del Vecchio, Marsh and Witmer, JJ.